## Case No. 3,379.

### CREDITORS v. WILLIAMS.

[4 N. B. R. 579 (Quarto, 187).] [1]

Circuit Court, D. Texas. 1870.

BANKRUPTCY—POWER OF ATTORNEY BY CREDITOR —OPPOSING DISCHARGE.

1. A power of attorney, in accordance with form No. 26, in which the concluding words are "and with like powers to attend and vote at any other meeting or meetings of creditors, or setting or sittings of the court, which may be holden therein, for any of the purposes aforesaid, or for the declaration of dividend, or for any other purpose in my interest whatever," does not authorize the filing of an opposition to the bankrupt's discharge by the attorney to whom the letter is given.

2. The claim that a power to attend and vote at meetings, and accept the appointment of assignee for his principal, gives the attorney authority to involve his principal in such a controversy as arises in opposition to the discharge of a bankrupt, is a misconception of the scope and purposes of the power.

3. The filing of an opposition to a bankrupt's discharge is the commencement of an individual proceeding on the part of the creditor against the bankrupt.

[Cited in Re Hyman, Case No. 6,985.]

[1] [Reprinted from 3 N. B. R. 281 (Quarto, 73), by permission.]

[1] [Reprinted by permission.]

[In bankruptcy.]

WOODS, Circuit Judge. This is a petition addressed to the supervisory jurisdiction of the circuit court, asking a review of a decision of the district court. W. H. & Q. H. Williams, as partners and individually, having filed their petition in bankruptcy, such proceedings were had that W. H. Williams, was discharged, and on the 30th day of December, 1868, the said Q. H. Williams applied for his discharge. The attorneys of one Joseph Sauters, who was a creditor, opposed the discharge, and within the time allowed by the court filed specifications in opposition to the discharge of the bankrupt. It seems that the attorneys of other creditors had, as a matter of convenience, made an arrangement with the attorneys of Sauters, that the opposition to the discharge of the bankrupt and the specifications should be made in his name, but for the benefit of said other creditors, by whom all the expenses should be borne; and that the attorneys of Sauters and the other creditors should render mutual service in reference to said respective claims. Sauters, without notice to his own attorneys, or to the attorneys of said other creditors, on the 5th day of April, 1869, filed in the court a disclaimer of his opposition to the discharge of the bankrupt, alleging that said opposition was made without his authority, and prayed that the said opposition might be dismissed, and the costs charged to whomsoever instituted the opposition. On the 16th of April 1869, before any action had been taken by the court on the said disclaimer and prayer for the dismissal of the opposition filed by said Sauters, the said other creditors, who are his petitioners in this proceeding, filed an application in the district court, setting forth the agreement between their attorneys and the attorneys of said Sauters, and praying that their names might be substituted in said specification, by way of amendment, in the stead of the name of said Sauters, to which, on the same day, the bankrupt filed exceptions. On August 6, 1869, said bankrupt filed a motion to dismiss said opposition of Sauters. On the 24th of January, 1870, the district court decreed that the said other creditors had no right to be made parties to the said opposition and specifications filed in the name of said Sauters, and that all costs accrued since the 16th day of April, 1869, should be paid by petitioners, and that a discharge be granted to said bankrupt.

It is charged that the court erred, first, in holding that the agreement made between the attorneys of Sauters and the attorneys of petitioners was not binding on Sauters, and that he could abandon the same to the prejudice of the rights of petitioners. Second, in holding that said specifications could be dismissed by the action of said Sauters alone, without any action of the court; and,

third, in deciding that the court had no authority to hear petitioners in the opposition to the discharge of said bankrupt, in giving judgment against petitioners for costs, and in discharging said bankrupt. In my opinion the whole case turns on the authority held by gentlemen acting as the attorneys of Sauters. It seems that Sauters had placed his claims in the hands of League & Tucker, attorneys in Galveston, on the 14th of January, 1868. These gentlemen inclosed the claims to Messrs. Robards & Jackson, for collection, inclosing also the deposition to the claims, and requesting Messrs. Robards & Jackson to do with the claims as to them might seem best. In the same month of January, 1868, on what day does not appear, he executes a letter of attorney to Messrs. Robards & Jackson, in pursuance of form 26, which, it is probable, was transmitted to Robards & Jackson by League & Tucker. Sauters does not appear to have had any connection with Robards & Jackson, on the subject of his claims. It seems very clear that whatever authority Robards & Jackson had in the premises, was based on the letter of attorney. That is the only act of Sauters which gave them any power to act for him; whatever that authorized them to do, they could do, what was not authorized by it, was done without his authority. The letter of League & Tucker was no authority binding on Sauters, even if it authorized them to anything more than receive dividends. We must look, then, to the letter of attorneys to ascertain what powers were conferred by Sauters on Robards & Jackson. It is obvious that there is nothing in this power of attorney which could authorize the filing of an opposition to, and specifications against, the bankrupt's discharge, unless it is found in the concluding words, to wit: "and with like powers to attend and vote at any other meeting or meetings of creditors, or setting or sittings of the court which may be holden therein, for any of the purposes aforesaid, or for the declaration of dividend, or for any other purpose in my interest whatever." To hold that these words authorize the filing of an opposition to the bankrupt's discharge appears to be clearly a misconception of the language of the power. The authority granted is to attend and vote at every meeting of the creditors or sittings of the court, which meeting or sitting may be held for any of the purposes aforesaid, or held for the declaration of a dividend, or held for any other purposes in the intent of the creditor signing the power. No authority whatever is here given save only the authority to attend and vote. There are no general words in this power. Throughout the whole instrument there are only three things authorized to be done by the attorneys: first, to attend meeting or sittings; second, to vote at the same; and third, to accept for the signer of the letter of attorneys the appointment of assignee. No other power is granted, no

other act is specified to do which authority is given, and there are no general words whatever which will include any other act.

The filing of an opposition to a bankrupt's discharge is a very different thing. It is the commencement of an individual proceeding on the part of the creditor against the bankrupt. It is in fact a suit arising in the course of the bankrupt proceedings. It involves pleadings, costs, attorney's fees; it may involve a trial by jury. The question of discharge may linger in the court for years, and in every case involve more or less expense and costs. The claim that a power to attend and vote at meetings and accept the appointment of assignee for his principal gives the attorney authority to involve his principal in such a controversy as arises in opposition to the discharge of a bankrupt, is certainly a misconception of the scope and purpose of the power. I am of opinion, then, that Messrs. Robards & Jackson misapprehended their authority under the letter of attorney; that it did not extend to the making of an opposition to the discharge of the bankrupt, so that the case stands precisely, so far as this question before the court is concerned, as if no power of attorney or other authority had been given to Messrs. Robards & Jackson. They could not then make any opposition to the discharge of Williams on behalf of his creditor, Sauters. They could not use his name for that purpose themselves, and a fortiori they could make no contract by which it might be used for the benefit of others. Such a contract was absolutely null and void, being made without authority. The opposition to the discharge was utterly ineffectual, and no rights could spring up under it; and when it was discharged, the result was the same in all respects as if it had never been made. If Messrs. Robards & Jackson had made opposition in behalf of a party for whom they were not attorneys at all, and after the fact of their want of authority had been brought to the notice of the court the opposition had been dismissed, no effect certainly could be claimed for the opposition. This case is in precisely that predicament, for in the matter of making opposition to discharge they are not the attorneys of Sauters or anybody else. It is perhaps unnecessary to say that no reflection in any degree is intended on these gentlemen. It was a natural mistake into which they fell, and the court entertains no doubt that everything done by them was done in good faith, and under what they supposed was the authority of Sauters.

These petitioning creditors, then, can derive no advantage from the opposition of Sauters. They are in the same case as if no such opposition had been made. The question then for decision takes this form: Did the court err in refusing permission to file specifications in opposition after the time allowed by the court for filing specifications had passed, and when no opposition had been entered on the day when the creditors were required to show cause? To hold the affirmative of this proposition is to repeal entirely rule 24, which this court has no power to do. In cases of involuntary bankruptcy, where fraud is the ground on which the petition is based, the courts sometimes look into the record to see whether the bankrupt should have his discharge; but in voluntary cases I know of no instance where the court has overturned rule 24, and allowed opposition to be made after the day on which creditors are required to show cause has passed, and after the time limited for filing specification has elapsed. And as the bankrupt court has been assimilated to a court of equity, yet even a court of equity must be controlled by its own rules. They are the law which regulates its discretion. I am of the opinion, then, that the rulings of the district court were correct. They are therefore affirmed at the cost of petitioner.

The cause being then remanded to the district court, the following order was passed: In this cause it appearing from the record that on the 22d day of January, A. D. 1869, upon the consideration of the motion of W. L. Robards, Esq., as attorney for Joseph A. Sauters, creditor of said bankrupt, to dismiss the petition of the bankrupt for a certificate of discharge in bankruptcy, said motion was overruled, and upon the application of said attorney for time to file specifications of opposition to the discharge of said bankrupt, an order was entered by the court extending the time to the said creditor until the 1st day of March, 1869, to file specifications; and the said specifications having been filed on the said 1st day of March, 1869, by attorneys representing themselves as having authority from the said Sauters to file the same; and the said Sauters having filed on the 5th day of April, 1869, his disclaimer of said opposition and all authority to make the same; and other creditors of said bankrupt having, on the 16th day of April, 1869, appeared and claimed to be substituted in the place of the said Sauters, and this court having allowed them to do so; and on the 24th day of January, 1870, this court having ordered and adjudged that said other creditors could not oppose the discharge of the said bankrupt, not having appeared as required by the law, and not having filed their specifications as required by rule 24; and the said creditors, having upon petition obtained the supervisory action of the circuit judge, Hon. W. B. Wood, presiding at this term of court, and the decision of the circuit judge being that the action of the attorneys purporting to represent Sauters was wholly without authority and null, this court, in accordance with the said decision, doth now order that a certificate of discharge do now issue to the said John H. Williams, bankrupt, as of date, January 22d, 1869, in accordance with the law.